PER CURIAM.
 

 The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and requests that the Court authorize the new and amended instructions for publication and use.
 
 [1]
 
 The Committee proposes the following new instructions: 7.8(a)— Boating under the Influence Manslaughter; 10.18 — Altering or Removing Firearm Serial Number/Sale or Delivery of Firearm with Serial Number Altered or Removed; 11.17(a) — Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices; 11.17(b) — Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices; 11.17(c) — Traveling to Meet a Minor; 11.17(d) — Traveling to Meet a Minor Facilitated by Parent or Custodian; 15.4— Robbery by Sudden Snatching; 28.1(a)— Driving Under the Influence Causing Property Damage or Injury; 28.5(a) — Racing on a Highway; 28.14 — Boating Under the Influence; 28.15 — Boating Under the Influence Causing Property Damage or Injury; 28.16 — Felony Boating Under the Influence; and 28.17 — Boating Under the Influence Causing Serious Bodily Injury. In addition, the Committee proposes amendments to the following instructions: 7.8 — Dl’iving Under the Influence Manslaughter; 28.1 — Driving While Under the Influence; 28.2 — Felony Driving Under the Influence; and 28.3 — Driving Under the Influence Causing Serious Bodily Injury. The Committee published the proposals for comment in
 
 The Florida Bar News
 
 prior to submission to the Court. No comments were received by the Committee.
 

 Having considered the Committee’s report and the minority position, we hereby authorize the publication and use of the instructions, with the following modifications.
 

 First, chapter 28, Traffic Offenses, is hereby renamed “Transportation Offenses.” Chapter 28 of the Standard Jury Instructions previously was limited to vehicle-related offenses. New instructions 28.14, 28.15, 28.16, and 28.17, relating to boating under the influence, are not traffic offenses or vehicle-related.
 
 Compare
 
 § 316.003(75), Fla. Stat. (2008) (“Vehicle” means “[ejvery device, in, upon, or by which any person or property is or may be transported or drawn upon a
 
 highway,
 
 excepting devices used exclusively upon stationary rails or tracks.”) (emphasis added);
 
 and
 
 § 316.003(57), Fla. Stat.
 
 (2008)
 
 (“Traffic” means “[pjedestrians, ridden or herded animals, and vehicles, streetcars, and other conveyances either singly or together while
 
 using any street or highway
 
 for purposes of travel.”) (emphasis added),
 
 with
 
 § 327.02(39), Fla. Stat. (2008) (“ ‘Vessel’ is synonymous with boat as referenced in s. 1(b), Art. VII of the State Constitution and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.”).
 

 
 *575
 
 Second, in respect to instruction 11.17(b) — Soliciting a Parent, Legal Guardian, or Custodian of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, we added the terms “legal guardian” and “custodian” to the title. A similar modification was made to the title of instruction 11.17(d) — Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian.
 

 Finally, we added the statutory definitions for “deviant sexual intercourse,” section 847.001(5), Florida Statutes (2008), and “sexual bestiality,” section 847.001(15), to instructions 11.17(a), 11.17(b), 11.17(e), and 11.17(d). Both of these phrases are included in the definition of “sexual conduct,” which is used in those four instructions.
 

 In authorizing the publication and use of the instructions as set forth in the appendix to this opinion, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix
 
 [2]
 
 shall be effective when this opinion becomes final.
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.
 

 APPENDIX
 

 7.8 DRIVING UNDER THE INFLUENCE BUI MANSLAUGHTER
 

 § 316.193(3)(a)(b)(c)3, Fla. Stat.
 

 To prove the crime of BUI Driving under the Influence Manslaughter, the State must prove the following three elements beyond a reasonable doubt:
 

 1. (Defendant) drove or was in actual physical control of a vehicle.
 

 Give-&a-or 2b-as applicable.
 

 2. While driving or while in actual physical control of the vehicle, (defendant)
 

 Give 2a or 2b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] orfbreath] — alcohol level of 0.08 or higher- more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 3. As a result of operating the vehicle, (defendant) caused or contributed to the cause of the death of [ (victim) ] [an unborn quick child].
 

 Magano v. -State, 537 So.Sd 56k (Fla. moh
 
 
 *576
 

 Give if § 316.193(3)(a)(b)(c)3b, Fla. Stat, is charged:
 

 If you find the defendant guilty of Driving under the e Influence Manslaughter, you must further determine whether the State proved beyond a reasonable doubt that:
 

 4. (Defendant), at the time of the crash,
 

 a. knew or should have known that the crash occurred
 

 and
 

 b. failed to give information as required by law
 

 and
 

 c. failed to render aid as required by law.
 

 Florida law requires that the driver of any vehicle involved in a crash resulting in injury to or death of any person, or damage to any vehicle or other property which is driven or attended by any person, must supply [his] [her] name, address, and the registration number of the vehicle [he] [she] is driving to any person injured in the crash or to the driver or occupant of or person attending any vehicle or other property damaged in the crash. Upon request and if available, the driver shall also exhibit [his] [her] license or permit to drive.
 

 The driver shall give the same information and, upon request, exhibit his or her license or permit, to any police officer who is at the scene of the crash or who is investigating the crash.
 

 The driver shall also render reasonable assistance to any person injured in the crash, including carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.
 

 In the event none of the persons specified above are in condition to receive the information to which they otherwise would be entitled, and no police officer is present, the driver of a vehicle involved in the crash, after trying to fulfill the requirements listed above as much as possible, shall immediately report the crash to the nearest office of a duly authorized police authority and supply the information specified above.
 

 Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)
 

 If you find the defendant guilty of Driving under the Influence Manslaughter, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a.
 
 the defendant had a [blood] [breathj-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
 

 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.
 

 Definitions. Give as applicable. § 316.003(75), Fla. Stat,
 

 “Vehicle” is every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary
 
 rails
 
 or tracks.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 
 *577
 
 “Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 §
 
 877.111(1), Fla. Stat.
 

 {Specific-substance-alleged) (_) is a chemical substance under Florida law.
 

 Chapter 893, Fla. Stat.
 

 {Specific-substance-alleged) (_) is a controlled substance under Florida law.
 

 An “unborn quick child” is a viable fetus. A fetus is viable when it becomes capable of meaningful life outside the womb through standard medical measures.
 

 I-u-~appropnate ■ cases,
 
 — an
 
 instruction may-be given on one or more-ofthe-pre-sumptions-of impairment established by § 316.193b(&)(a)-(e),~ Fla. Stai=F as follows^When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 316.1931.(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 1.If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of 0.05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of ⅛.05 but less than 0.08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.^-or
 

 3. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of b.08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this However, such evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 -These - presumptions may-be- consid-ercd — along- -with any — other—evidence presented in deciding whether the defendant was under — the influence of alcoholic beverages to the extent--that
 

 
 *578
 
 [his] [her] normal faculties were impaired»
 

 Defense of inoperability; give if applicable.Give -only
 
 ■
 
 if this.defense is raised.
 

 It is a defense to the charge of Driving under the Influence Manslaughter driving or being in actual physical -control of a vehicle while under the influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if, while impaired, the defendant drove or was in actual physical control of the vehicle the defendant was driving under the influence before the vehicle it became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
 

 Lesser Included Offenses
 

 BUI DRIVING UNDER THE INFLUENCE MANSLAUGHTER— _316.193(3)(a)(b)(c)(3)_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
 

 BUT Driving under the 316.193(1) 28.1 Influence_
 

 ■Felony DUX Driving under the 316.193(3)(a)(b)(c)2 28.3 influence causing serious bodily _injury_
 

 BUI Driving under the influence 316.193(3)(a)(b)(c)l 28.1(a) causing damage to or person or property
 

 Vehicular homicide 782.071- ⅞⅜
 

 Comment
 

 This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [508 So.2d 1221], 1992 [603 So.2d 1175], 1995 [665 So.2d 212], 1998 [723 So.2d 123], and 2006, and 2009.
 

 7.8(a) BOATING UNDER THE INFLUENCE MANSLAUGHTER
 

 § 327.35(3)(a)(b)(c)3, Fla. Stat.
 

 To prove the crime of Boating under the Influence Manslaughter, the State must prove the following three elements beyond a reasonable doubt:
 

 L (Defendant) operated a vessel.
 

 2. While operating the vessel, (defendant)
 

 Give 2a or 2b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breath]-alcohoI level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 
 *579
 
 3. As a result of operating the vessel, (defendant) caused or contributed to the cause of the death of (victim).
 

 Give if§ 327.35(3)(a)(b)(e)3.b, Fla. Stat, is charged:
 

 If you find the defendant guilty of Boating under the Influence Manslaughter, you must further determine whether the State proved beyond a reasonable doubt that:
 

 4. (Defendant), at the time of the accident,
 

 ⅛ knew or should have known that the accident occurred
 

 and
 

 b. failed to give information as required by law
 

 and
 

 c. failed to render aid as required by law.
 

 Florida law requires that the operator of a vessel involved in a collision, accident, or other casualty, to render to other persons affected by the collision, accident, or other casualty such assistance as is practicable and necessary in order to save them from or minimize any danger caused by the collision, accident, or other casualty, so far as [he] [she] can do so without serious danger to the operator’s own vessel, crew, and passengers.
 

 Florida law also requires the operator to give [his] [her] name, address, and identification of [his] [her] vessel in writing to any person injured and to the owner of any property damaged in the collision, accident, or other casualty.
 

 In cases of collision, accident, or other casualty resulting in death or medical treatment beyond immediate first aid, Florida law requires that the operator, without delay and by the quickest means available, give notice of the accident to one of the following agencies: the Division of Law Enforcement of the Fish and Wildlife Conservation Commission; the sheriff of the county within which the accident occurred; or the police chief of the municipality within which the accident occurred.
 

 Give if applicable.
 

 If you find the defendant guilty of Boating under the Influence Manslaughter, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breathj-alcohol level of .20 or higher while operating the vessel.
 

 b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.
 

 Definitions. Give as applicable.
 

 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessePs navigation or safety while the vessel is un-
 

 
 *580
 
 derway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 .(_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35j(2)(a), (2)(b), and (2)(e), Fla. Stat.
 

 1. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3.If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Boating under the Influence Manslaughter if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
 

 Lesser Included Offenses
 

 
 *581
 
 BOATING UNDER THE INFLUENCE MANSLAUGHTER— _327.35(3)(a)(b)(c)3_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
 

 Boating under the influence_327.35_28.14
 

 Boating under the influence 327.35(3)(a)(b)(c)2 28.17 _causing serious bodily injury_
 

 Boating under the influence 327.35(3)(a)(b)(c)l 28.15 causing damage to person or property
 

 Comment
 

 This instruction was adopted in 2009.
 

 10.18 ALTERING OR REMOVING FIREARM SERIAL NUMBER/SALE OR DELIVERY OF FIREARM WITH SERIAL NUMBER ALTERED OR REMOVED
 

 § 790.27, Fla. Stat.
 

 To prove the crime of Sale or Possession of Firearm with Altered or Removed Serial Number, the State must prove the following [two] [three] elements beyond a reasonable doubt:
 

 Give only if § 790.27(1) (a) is charged.
 

 L (Defendant) knowingly [altered] [removed] the [manufacturer’s] [importer’s] serial number from a firearm.
 

 2. (Defendant) did so with the intent to disguise the true identity of the firearm.
 

 Give only if § 790.27(2) (a) is charged.
 

 L (Defendant) [sold] [delivered] [possessed] a firearm.
 

 2. The [manufacturer’s] [importer’s] serial number had been unlawfully [altered] [removed].
 

 3. (Defendant) knew the serial number had been [altered] [removed].
 

 A “firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun.
 

 Give if possession charged.
 

 To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
 

 Possession may be actual or constructive.
 

 Actual possession means:
 

 a. the firearm is in the hand of or on the person,
 

 b. the firearm is in a container in the hand of or on the person, or
 

 c. the firearm is so close as to be within ready reach and is under the control of the person.
 

 Give if applicable.
 

 Mere proximity to a firearm is not sufficient to establish control over that firearm when it is not in a place over which the person has control.
 

 Constructive possession means the firearm is in a place over which (defendant) has control, or in which (defendant) has concealed it.
 

 If the firearm is in a place over which (defendant) does not have control, the State establishes constructive possession if it proves that (defendant) (1) has
 
 *582
 
 knowledge that the firearm was within [his] [her] presence, and (2) has control over the firearm.
 

 Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
 

 If a person has exclusive possession of the firearm, knowledge of its presence may be inferred or assumed.
 

 If a person does not have exclusive possession of the firearm, knowledge of its presence may not be inferred or assumed.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comments
 

 This instruction was adopted in 2009.
 

 11.17(a) SOLICITING A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
 

 § 847.0135(3)(a), Fla. Stat.
 

 To prove the crime of Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following [three] [four] elements beyond a reasonable doubt:
 

 1. (Defendant) knowingly used a [computer on-line service] [Internet service] [local bulletin board service] [any other device capable of electronic data storage] to contact (victim).
 

 2. (Victim) was a child or a person believed by the defendant to be a child.
 

 3. (Defendant) [seduced] [solicited] [lured] [enticed] [attempted to] [seduce] [solicit] [lure] [entice] (victim) to engage in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).
 

 Enhanced penalty. Give if applicable.
 

 If you find (defendant) guilty of Soliciting a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine if the State has proved beyond a reasonable doubt whether:
 

 4. (Defendant) misrepresented [his] [her] age to the [ (victim) ] [law enforcement officer representing [himself] [herself] to be a person under 18 years of age].
 

 The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.
 

 Definitions.
 

 A “child” means any person, whose identity is known or unknown, less than 18 years of age.
 

 Give the following definitions if ayplica-
 
 6⅛
 

 “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be com
 
 *583
 
 mitted. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
 

 “Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
 

 “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
 

 “Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
 

 “Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2009.
 

 11.17(b) SOLICITING A PARENT, LEGAL GUARDIAN, OR CUSTODIAN OF A CHILD FOR UNLAWFUL SEXUAL CONDUCT USING COMPUTER SERVICES OR DEVICES
 

 § 847.0135(3)0»), Fla. Stat.
 

 To prove the crime of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, the State must prove the following [three] [four] elements beyond a reasonable doubt:
 

 L (Defendant) knowingly used a [computer on-line service] [Internet sei-vice] [local bulletin board service] [any other device capable of electronic data storage] to contact [ (victim) ].
 

 2. (Victim) was a child or a person believed by the defendant to be a child.
 

 3. (Defendant) [seduced] [solicited] [lured] [enticed] [attempted to] [seduce] [solicit] [lure] [entice] a [parent] [legal guardian] [custodian of (victim) ] [person believed to be [a parent] [legal guardian] [custodian of (victim) ] to consent to the participation of (victim) in any act described in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).
 

 Enhanced penalty. Give if applicable.
 

 If you find (defendant) guilty of Soliciting a Parent of a Child for Unlawful Sexual Conduct Using Computer Services or Devices, you must also determine if the State has proved beyond a reasonable doubt whether:
 

 4. (Defendant) misrepresented [his] [her] age to the [ (victim) ] [law enforcement officer representing [himself] [herself] to be a person under 18 years of age].
 

 The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.
 

 
 *584
 

 Definitions.
 

 A “child” means any person, whose identity is known or unknown, less than 18 years of age.
 

 Give the following definitions if applicable.
 

 “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
 

 “Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
 

 “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
 

 “Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
 

 “Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2009.
 

 11.17(c) TRAVELING TO MEET A MINOR
 

 § 847.0135(4)(a), Fla. Stat.
 

 To prove the crime of Traveling to Meet a Minor, the State must prove the following four elements beyond a reasonable doubt:
 

 1. (Defendant) knowingly [traveled] [attempted to travel] [within this state] [to this state] [from this state].
 

 2. (Defendant) did so for the purpose of engaging in any illegal act described in [ (insert violation of chapter 794, 800, or 827 as alleged in the charging instrument) ] [other unlawful sexual conduct] with (victim) after using [a computer online service] [Internet service] [local bulletin board service] [any other device capable of electronic data storage or transmission] to contact a child.
 

 3. (Victim) was a child or a person believed by the defendant to be a child,
 

 4. (Defendant) [seduced] [solicited] [lured] [enticed] [attempted to] [seduce] [solicit] [lure] [entice] (victim) to engage in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).
 

 
 *585
 
 The mere fact that an undercover operative or law enforcement officer was involved in the detection and investigation of this offense shall not constitute a defense from prosecution.
 

 Definitions.
 

 A “child” means any person, whose identity is known or unknown, less than 18 years of age.
 

 Give the following definitions if applicable.
 

 “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
 

 “Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
 

 “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
 

 “Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
 

 “Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2009.
 

 11.17(d) TRAVELING TO MEET A MINOR FACILITATED BY PARENT, LEGAL GUARDIAN, OR CUSTODIAN
 

 § 847.0135(4)(b), Fla. Stat.
 

 To prove the crime of Traveling to Meet a Minor Facilitated by Parent, Legal Guardian, or Custodian, the State must prove the following four elements beyond a reasonable doubt:
 

 L (Defendant) knowingly traveled [attempted to travel] [within this state] [to this state] [from this state].
 

 2. (Defendant) did so for the purpose of engaging in any illegal act described in [ (insert violation of chapter 794, 800, or 827 as alleged in the charging instrument) ] [other unlawful sexual conduct] with (victim) after using [a computer online service] [Internet service] [local bulletin board service] [any other device capable of electronic data storage or transmission] to contact a child.
 

 
 *586
 
 3. (Victim) was a child or a person believed by the defendant to be a child.
 

 4. (Defendant) [seduced] [solicited] [lured] [enticed] [attempted to] [seduce] [solicit] [lure] [entice] a [parent] [legal guardian] [custodian of (victim) ] [person believed to be [a parent] [legal guardian] [custodian of (victim) ] to consent to the participation of (victim) in any act described in (any illegal act as charged in the indictment or information under chapter 794, 800, 827, or other unlawful sexual conduct).
 

 The mere fact that an undercover op-
 

 erative or law enforcement officer was involved in the detection and investiga-
 

 tion of this offense shall not constitute a defense from prosecution.
 

 Definitions.
 

 A “child” means any person, whose identity is known or unknown, less than 18 years of age.
 

 Give the following definitions if applicable.
 

 “Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed. A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”
 

 “Sadomasochistic abuse” means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm upon another or receiving such harm oneself.
 

 “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
 

 “Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
 

 “Sexual bestiality” means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2009.
 

 15.4 ROBBERY BY SUDDEN SNATCHING
 

 § 812.131, Fla. Stat.
 

 To prove the crime of Robbery by Sudden Snatching, the State must prove the following four elements beyond a reasonable doubt:
 

 L (Defendant) took the (money or property described in charge) from the person of (person alleged).
 

 2. The property taken was of some value.
 

 
 *587
 
 3. The taking was with the intent to permanently or temporarily deprive (victim) or the owner of [his] [her] right to the property.
 

 4. In the course of the taking, (victim) was or became aware of the taking.
 

 “In the course of the taking” means that the act occurred prior to, contemporaneous with, or subsequent to the taking of the property and that the act and the taking of the property constitute a continuous series of acts or events.
 

 Force or resistance.
 

 It is not necessary for the State to prove that the defendant used any amount of force beyond that effort necessary to obtain possession of the money or other property, that there was any resistance offered by the victim or that there was any injury to the victim’s person.
 

 Title to property.
 

 In order for a taking to be Robbery by Sudden Snatching, it is not necessary that the person robbed be the actual owner of the property. It is sufficient if the victim has possession of the property at the time of the offense.
 

 Enhanced, 'penalty. Give if applicable
 

 If you find the defendant guilty of the crime of Robbery by Sudden Snatching, then you must further determine beyond a reasonable doubt if “in the course of committing the Robbery by Sudden Snatching” the defendant carried some kind of weapon. An act is “in the course of committing a Robbery by Sudden Snatching” if it occurs in an attempt to commit Robbery by Sudden Snatching or in fleeing after the attempt or commission.
 

 With a firearm.
 

 If you find that the defendant carried a firearm in the course of committing the Robbery by Sudden Snatching, you should find [him] [her] guilty of Robbery by Sudden Snatching with a firearm.
 

 With a deadly weapon.
 

 If you find that the defendant carried a (deadly weapon described in charge) in the course of committing the Robbery by Sudden Snatching, and that the (deadly weapon described in charge) was a deadly weapon, you should find [him] [her] guilty of Robbery by Sudden Snatching with a deadly weapon.
 

 With no firearm or deadly weapon.
 

 If you find that the defendant carried no firearm or deadly weapon in the course of committing the Robbery by Sudden Snatching, but did commit the Robbery by Sudden Snatching, you should find [him] [her] guilty only of Robbery by Sudden Snatching.
 

 Definitions.
 

 A “firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.]
 

 See Section 790.001(1), Fla. Stat, for definition of “antique firearm. ’’
 

 A weapon is a “deadly weapon” if it is any object that is used or threatened to be used in a way likely to produce death or great bodily harm.
 

 
 *588
 
 Lesser Included Offenses
 

 _ROBBERY BY SUDDEN SNATCHING — 812,131_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO
 

 Petit theft — second degree_812.014(3)(a) 14.1_
 

 _Attempt_777.04(1)_5.1
 

 _Grand theft — third degree 812.014(2)(c) 14.1_
 

 _Petit theft — first degree_812.104(2)(e) 14.1_
 

 _Battery_784.03_8.3
 

 _Assault_84.011_8J_
 

 Resisting a merchant_812.015(6)14.4
 

 Comment
 

 This instruction was adopted in 2009.
 

 28.1 DRIVING WHILE UNDER THE INFLUENCE
 

 § 316.193(1), Fla._Stat.
 

 To prove the crime of Driving under the Influence, the State must prove the following two elements beyond a reasonable doubt:
 

 1. (Defendant) drove or was in actual physical control of a vehicle.
 

 2. While driving or in actual physical control of the vehicle, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.©!?
 

 b. had a [blood] [breath]-alcohol level of 0.08 or more grams of alcohol per [100 milliliters of blood], or-a^breath alcohol level of 0,08 or more grams of alcohol per [210 liters of breath].
 

 Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)
 

 If you find the defendant guilty of Driving under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
 

 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.
 

 Definitions. Give as applicable.
 

 “Vehicle” is any every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless
 
 *589
 
 of whether [he] [she] is actually operating the vehicle at the time.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the folloiuing instructions on the “presumptions of impairment’’ established by § 316.193í(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 1. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of ©.05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of ©.05 but less than 0.08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.f-or
 

 3.If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of 0.08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this However, such evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 These presumptions may be considered — along with — any other — evidence presented in deciding — whether the defendant was under the influence of alcoholic beverages to the — extent that [his] [her] normal faculties-were impaired.
 

 Defense of inoperability; give if applicable. Give only if this- defense is raised.
 

 It is a defense to the charge of Driving under the Influence driving or being in actual physical — control- of a vehicle while under- the influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if, while impaired, the-defendant drove or was in actual physical control of the vehicle the defendant was driving under the influence before the vehicle it became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty.
 
 *590
 
 However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
 

 Lesser Included Offenses
 

 DRIVING UNDER THE INFLUENCE — 316.193(1)
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 None_
 

 Attempt_777.04(1) 5.1
 

 Comment
 

 In — addition—to—misdemeanor—DUE charges^tMs instruction is-alse-for charges of felony-DUI based on prior-eonvictionsT
 

 A misdemeanor instruction was adopted in 1981 as part of Standard Jury Instructions In Misdemeanor Cases. In 1992, a similar instruction was adopted for Florida Standard Jury Instructions In Criminal Cases. That instruction was amended in 1995 and 1998;, and both instructions were merged into a this-revised instruction in 2000, which was amended in 2009.
 

 28.1(a) DRIVING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
 

 § 316.193(3)(a)(b)(c)l, Fla. Stat.
 

 To prove the crime of Driving under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:
 

 L (Defendant) drove or was in actual physical control of a vehicle.
 

 2. While driving or in actual physical control of the vehicle, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breathi-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 3. As a result of operating the vehicle, (defendant) caused or contributed to causing [damage to the property of (victim) ] [injury to the person of (victim) ].
 

 Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)
 

 If you find the defendant guilty of Driving under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
 

 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time
 
 *591
 
 of the driving under the influence.
 

 Definitions. Give as applicable.
 

 “Vehicle” is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the following instru.ctions on the “presumptions of impairment” established by § 316.193Jp(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 L If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Driving under the Influence Causing [Property Damage] [Injury] if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
 

 
 *592
 
 Lesser Included Offenses
 

 DRIVING UNDER THE INFLUENCE CAUSING PROPERTY
 

 DAMAGE OR INJURY — 316.193(3)(a)(b)(c)l
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 DUI_316.193(1) 28.1
 

 Attempt_777.04(1) 5.1
 

 Comment
 

 This instruction was adopted in 2009.
 

 28.2 FELQNY-PUI DRIVING UNDER THE INFLUENCE-PRIOR CONVICTIONS
 

 § 316.193(2)(b)l or § 316.198(2)(b)3, Fla. Stat.
 

 To prove the crime of Driving under the Influence, the State must prove the following two elements beyond a reasonable doubt:
 

 L (Defendant) drove or was in actual physical control of a vehicle.
 

 2. While driving or in actual physical control of the vehicle, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breathj-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 Give if applicable. (Offenses committed ‘'prior to October 1, 2008, alcohol level of .20 or higher.)
 

 If you find the defendant guilty of Driving under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
 

 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.
 

 Definitions. Give as applicable.
 

 “Vehicle” is every device, in, upon or by which any person or property is, or may be, transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 
 *593
 
 (_) is a controlled substance under Florida law.
 
 Chapter 89S, Fla. Stat.
 

 (_ ) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the follotving inst7iictions on the “presumptions of impairment” established by § 316.193f(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 L If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Driving under the Influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if the defendant was driving under the influence before the vehicle became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
 

 Give as applicable if the jury finds the defendant guilty of Driving under the Influence. Note: BUI and oid-of-state DUI/ DWI convictions count as prior- convictions. See § 316.193(6)(k), Fla. Stat. See State v. Harbaugh, 75j So. 2d 691 (Fla. 2000).
 

 Now that you have found the defendant guilty of Driving under the Influ
 
 *594
 
 ence, you must further determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant was previously convicted two times of Driving under the Influence and one of the prior Driving Under the Influence convictions took place within 10 years of the Driving Under the Influence that you found the defendant committed.
 

 b. the defendant was previously convicted three times of Driving under the Influence.
 

 Give if applicable. 316.193(12), Fla. Stat
 

 If the records of the Department of Highway Safety and Motor Vehicles show that the defendant has been previously convicted of Driving under the Influence, you may conclude that the State has established that prior Driving under the Influence conviction. However, such evidence may be contradicted or rebutted by other evidence. Accordingly, this inference may be considered along with any other evidence in deciding whether the defendant has a prior Driving under the Influence conviction.
 

 Lesser Included Offenses
 

 FELONY BUI DRIVING UNDER THE INFLUENCE—
 

 [THIRD OFFENSE WITHIN 10 YEARS OF A PRIOR CONVICTION® _[FOURTH OFFENSE] 316.193(2)(b)l or 316.193(2)(b)3_
 

 CATEGORY ONE CATEGORY TWO_FLA. STAT. INS. NO.
 

 ■None Driving under the influence 316.193(1) 28.1
 

 Attempt 777.04(1) 5.1
 

 Driving under the influence causing property damage or injury 316.193(3)(a)(b)(c)l 28.1(a)
 

 Comment
 

 Use 28.1 when-a felony DUD based-on prior convictions-is s chargedT
 

 This instruction should be used for Felony Driving under the Influence based on prior convictions. For Felony Driving under the Influence based on prior convictions, it is error to inform the jury of prior Driving under the Influence/Boating under the Influence convictions until the verdict on the underlying Driving under the Influence is rendered. Therefore, if the information or indictment contains an allegation of prior Driving under the Influence/Boating under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Driving under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding.
 
 See State v. Harbauqh, 75h So.2d 691 (Fla.2000).
 

 This instruction was adopted in 2009.
 

 28.3 FELONY DUI DRIVING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY
 

 § 316.193(3)(a)(b)(e)2, Fla._Stat.
 

 To pi’ove the crime of BUI Driving under the Influence Causing Serious Bodily Injury, the State must prove the
 
 *595
 
 following three elements beyond a reasonable doubt:
 

 1. (Defendant) drove or was in actual physical control of a vehicle.
 

 2. While driving or while in actual physical control of the vehicle, (defendant)
 

 Give 2a or 2b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] ©r[breath]-alcohol level of 0.08 or higher more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 3. As a result of operating the vehicle, (defendant) caused or contributed to causing serious bodily injury to (victim).
 

 Give if applicable. (Offenses committed prior to October 1, 2008, alcohol level of .20 or higher.)
 

 If you find the defendant guilty of Driving under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .15 or higher while driving or in actual physical control of the vehicle.
 

 b. the defendant was accompanied in the vehicle by a person under the age of 18 years at the time of the driving under the influence.
 

 Definitions. Give as applicable.
 

 ■§-316*003(7-5), Fla.-Stat.
 

 “Vehicle” is anyevery device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies and, in genei’al, to normally perform the many mental and physical acts of our daily lives.
 

 “Actual physical control of a vehicle” means the defendant must be physically in or on the vehicle and have the capability to operate the vehicle, regardless of whether [he] [she] is actually operating the vehicle at the time.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 § 877*111(1), Fla.Stat.
 

 (Specific ■ substance alleged)-is a-chemical substance under-Florida law.
 

 Chapter 893, Fla.Stat
 

 (Specific ■ substance alleged) is-a — controlled substance-under Florida law.
 

 § 316.1933, Fla._Stat.
 

 “Serious bodily injury” means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
 

 In appropriate cases,
 
 — an
 
 instruction may be given on one-or-more of-the-pre-smnptions- of impairment established by
 
 
 *596
 

 §§- 316.19$4(2)(a)r-(@)(b), and- (2)(c), Fla. Stat., as f&UQwsi-
 

 When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 316.193í(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 1. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of 0.05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level in excess of 0.05 but less than 0.08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other competent evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.y-or
 

 3. If you find from the evidence that while driving or in actual physical control of a motor vehicle, the defendant had a blood or breath-alcohol level of 0.08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this However, such evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 These presumptions may be considered along with any— other — evidence presented in deciding-whether the defendant was under-the-influence of alcoholic beverages to — the-extent that [his] [her] normal faculties- were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Driving under the Influence Causing Serious Bodily Injury driving or- being in- actual physical control of a vehicle while under-the influence if at the time of the alleged offense, the vehicle was inoperable. However, it is not a defense if, while-impaired, the defendant drove or was in actual- physical control -of the vehicle the defendant was driving under the influence before the vehicle it became inoperable. Therefore, if you are not convinced beyond a reasonable doubt that the vehicle was operable at the time of the alleged offense, you should find the defendant not guilty. However, if you are convinced that the vehicle was operable at the time of the alleged offense, then you should find the defendant guilty, if all the other elements of the charge have been proved beyond a reasonable doubt.
 

 
 *597
 
 Lesser Included Offenses
 

 DRIVING UNDER THE INFLUENCE DUI WITH CAUSING SERIOUS _BODILY INJURY — 316.193(3)(a)(b)(c)2_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
 

 Driving under the influ- 316.193(3)(a)(b)(c)l 28.1 ence causing injury_
 

 Driving under the influ- 316.193(1) 28.1 ence DUX_
 

 Driving under the influence 316.193(3)(a)(b)(c)l 28.1(a) causing property damage DUÍ
 

 Comment
 

 This instruction was adopted in 1992 and amended in 1998 and 2009.
 

 28.5(a) RACING ON A HIGHWAY
 

 § 316.191, Fla. Stat.
 

 To prove the crime of Racing on a Highway, the State must prove the following element beyond a reasonable doubt:
 

 Give a, b, c, or d as applicable.
 

 (Defendant)
 

 a. drove a motor vehicle in
 

 b. [participated] [coordinated] [facilitated] [collected monies] at the location of
 

 c. knowingly rode as a passenger in
 

 d. purposefully caused moving traffic to slow or stop for
 

 [a race] [a drag race or acceleration contest] [a speed competition or contest] [a test of physical endurance] [an exhibition of speed] [an attempt to make a speed record] on a [highway] [road] [parking lot].
 

 Definitions.
 

 “Drag race” means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each
 

 other, or the operation of one or more motor vehicles to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.
 

 “Motor vehicle” means any self-propelled vehicle not operated upon rails or guideway, including a motorcycle but not including any bicycle, motorized scooter, electric personal assistive mobility device, or moped.
 

 “Race” means a competition involving the use of one or more motor vehicles in an attempt to outgain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes.
 

 “Roadway” means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term “roadway” as used herein refers to any such roadway separately, but not to all such roadways collectively.
 

 “Street or highway” means
 

 
 *598
 
 (a) The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;
 

 (b) The entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;
 

 (c) Any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or
 

 (d) Any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s. 418.30 and the recreational facilities of which district are open to the general public.
 

 Lesser Included Offenses
 

 No lesser included offenses have been identified for this offense.
 

 Comment
 

 This instruction was adopted in 2009.
 

 28.14 BOATING UNDER THE INFLUENCE
 

 § 327.35(1), Fla. Stat.
 

 To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:
 

 L (Defendant) operated a vessel.
 

 2. While operating the vessel, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breathj-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 Give if applicable.
 

 If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .20 or higher while operating the vessel.
 

 b. the defendant was accompanied in the vessel by a pei'son under the age of 18 years at the time of the boating under the influence.
 

 Definitions. Give as applicable.
 

 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a
 
 *599
 
 vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35.j,(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 L If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-aIco-hol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boat
 
 *600
 
 ing under the influence before the vessel became inoperable.
 

 Lesser Included Offenses
 

 _BOATING UNDER THE INFLUENCE — 327.35(1)_
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 None_
 

 Attempt_777.04(1) 5.1
 

 Comment
 

 This instruction was adopted in 2009.
 

 28.15 BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
 

 § 327.35(3)(a)(b)(c)l, Fla. Stat.
 

 To prove the crime of Boating under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:
 

 L (Defendant) operated a vessel.
 

 2. While operating the vessel, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breathj-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 3. As a result of operating the vessel, (defendant) caused or contributed to causing [damage to the property of (victim) ] [injury to the person of (victim) ].
 

 Give if applicable.
 

 If you find the defendant guilty of Boating under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .20 or higher while operating the vessel.
 

 b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.
 

 Definitions. Give as applicable.
 

 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 
 *601
 
 “Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When
 
 appropriate,
 
 give one or more of the following instructions on the “presumptions of impairment” established by § 327.354.(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 1. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alco-hoi level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3.If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; dive if applicable.
 

 It is a defense to the charge of Boating under the Influence Causing [Property Damage] [Injury] if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
 

 
 *602
 
 Lesser Included Offenses
 

 BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 327.35(3)(a)(b)(c)l
 

 CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
 

 Boating under the 327.35(1) 28.14 Influence_
 

 Attempt_777.04(1) 5.1
 

 Comment
 

 This instruction was adopted in 2009.
 

 28.16 FELONY BOATING UNDER THE INFLUENCE
 

 § 327.35(2)(b)l or § 327.35(2)(b)3, Fla. Stat.
 

 To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:
 

 L (Defendant) operated a vessel.
 

 2. While operating the vessel, (defendant)
 

 Give 2a or b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 Give if applicable.
 

 If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant had a [blood] [breath]-alcohol level of .20 or higher while operating the vessel.
 

 b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.
 

 Definitions. Give as applicable.
 

 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 
 *603
 
 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 When appropriate, give one or more of the following instructions on the “‘pre-swnvptions of impairment” established by § 327.351(2) (a), (2)(b), and (2)(c), Fla. Stat.
 

 L If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breathi-al-cohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
 

 Give as applicable if the jury finds the defendant is guilty of Boating Under the Influence. Note: A Driving Under the Influence conviction, whether in Florida or out-of-state, counts as a prior conviction. See § 327.35(6)(i), Fla. Stat. See State v. Harbawgh, 751 So.2d 691 (Fla. 2000).
 

 Since you have found the defendant guilty of Boating under the Influence, you must now determine whether the State has proven beyond a reasonable doubt whether:
 

 a. the defendant was previously convicted two times of Boating under the Influence and one of the prior Boating under the Influence convictions took place
 
 *604
 
 within 10 years of the Boating under the Influence that you found the defendant committed.
 

 b. the defendant was previously convicted three times of Boating under the Influence.
 

 Lesser Included Offenses
 

 FELONY BOATING UNDER THE INFLUENCE— _PRIOR CONVICTIONS — 327.35(2)(b)l or 327.35(2)(b)3_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
 

 Boating under the influence_327.35(1)_28.14
 

 _Attempt_777.04(1)_5.1
 

 Boating under the influence 327,35(3)(a)(b)(c)l 28.15 causing property damage or injury
 

 Comment
 

 This instruction should be used for Felony Boating under the Influence based on prior convictions. For Felony Boating under the Influence based on prior convictions, it is error to inform the jury of prior Boating or Driving under the Influence convictions before the verdict is rendered. Therefore, if the information or indictment contains an allegation of prior Boating or Driving under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Boating under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding.
 
 See State v. Harbaugh, 754 SoM 691 (Fla.2000).
 

 This instruction was adopted in 2009.
 

 28.17 BOATING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY
 

 § 327.35(3)(a)(b)(c)2, Fla. Stat.
 

 To prove the crime of Boating under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:
 

 L (Defendant) operated a vessel.
 

 2. While operating the vessel, (defendant)
 

 Give 2a or 2b or both as applicable.
 

 a. was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.
 

 b. had a [blood] [breathj-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].
 

 3. As a result of operating the vessel, (defendant) caused or contributed to causing serious bodily injury to (victim).
 

 Give jf applicable.
 

 If you find the defendant guilty of Boating under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:
 

 
 *605
 
 a. the defendant had a [blood] [breathl-alcohol level of .20 or higher while operating the vessel.
 

 b. the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.
 

 Definitions. Give as applicable.
 

 “Vessel” means a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.
 

 “Normal faculties” include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.
 

 “Operate” means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel’s navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.
 

 “Alcoholic beverages” are considered to be substances of any kind and description which contain alcohol.
 

 (_) is a controlled substance under Florida law.
 
 Ch. 893, Fla. Stat.
 

 (_) is a chemical substance under Florida law.
 
 § 877.111(1), Fla. Stat.
 

 “Serious bodily injury” means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
 

 When appropriate, give one or more of the following instructions on the “presumptions of impairment” established by § 327.35í(2)(a), (2)(b), and (2)(c), Fla. Stat.
 

 1. If you find from the evidence that while operating the vessel, the defendant had a [blood] [breathi-al-cohol level of ,05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 2. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 3. If you find from the evidence that while operating or in actual physical control of the vessel, the de
 
 *606
 
 fendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.
 

 Defense of inoperability; give if applicable.
 

 It is a defense to the charge of Boating under the Influence Causing Serious Bodily Injury if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.
 

 Lesser Included Offenses
 

 BOATING UNDER THE INFLUENCE CAUSING SERIOUS _BODILY INJURY — 327.35(3)(a)(b)(c)2_
 

 CATEGORY ONE_CATEGORY TWO_FLA. STAT. INS. NO.
 

 Boating under the influence_327.35(1)_28,14
 

 Boating under the influence 327.35(3)(a)(b)(c)l 28.15 causing property damage
 

 Comment
 

 This instruction was adopted in 2009.
 

 [1]
 

 . We have jurisdiction. See art. V, § 2(a), Fla. Const.
 

 [2]
 

 . The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court’s website at www.floridasupremecourt.org/ jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.