PER CURIAM.
 

 We have for consideration proposed rule amendments filed by the Traffic Court Rules Committee (Committee). We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).
 

 BACKGROUND
 

 The Committee filed its regular-cycle report of proposed amendments to the Florida Rules of Traffic Court. The Committee proposes amendments to rules 6.115 (DUI Program Coordination Trust Fund); 6.291 (Procedures on Withheld Adjudication in Driving While License Suspended; Costs and Enlargement of Time to Comply; Record of Convictions); 6.330 (Election to Attend Traffic School); 6.445 (Discovery: Infractions Only); 6.480 (Deferred Payment of Penalty Imposed); 6.600 (Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License); and 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers). The Board of Governors of The Florida Bar unanimously approved the proposed amendments.
 

 Before filing the proposals with the Court, the Committee published the proposals for comments; no comments were received. The Court republished the proposals and two comments were filed. The Committee filed a response to the comments in which it stated that it “feels no need to respond substantively to the comments filed on the proposed rule amendments in this case.”
 

 After initially considering the Committee’s proposals, the Court asked the Committee to file a supplemental report addressing whether any of the proposals currently before the Court require further amendments in light of recent legislation. The Committee filed a supplemental report that proposes that rule 6.115 be deleted in its entirety from the rules because the DUI Program Coordination Trust Fund was terminated on July 1, 2009.
 
 See
 
 ch. 2009-71, § 1, Laws of Fla.
 

 AMENDMENTS
 

 Having considered the Committee’s reports, the comments, and the Committee’s response, we amend the Rules of Traffic Court as explained below. Rule 6.115 is repealed, effective immediately. We adopt the proposed amendments to rules 6.291(a), 6.330(a), and 6.445. We adopt the
 
 *177
 
 proposed amendments to rule 6.480 with a minor modification. However, we decline to adopt the proposed amendments to rules 6.600 and 6.630.
 

 The amendment to rule 6.291(a) (Costs) corrects statutory references in the rule. The amendment to rule 6.330(a) (Attendance at School) creates a uniform time period throughout the state within which a defendant can elect to attend driver improvement school. The amendment to rule 6.445 (Discovery: Infractions Only) requires a citing law enforcement officer to identify in the citation the type of electronic or mechanical speed measuring device used and the manufacturer’s serial number on the device.
 

 We have revised the proposed amendment to rule 6.480 (Deferred Payment of Penalty Imposed) to require that upon a defendant’s or the official’s
 
 [1]
 
 own motion, the defendant must be afforded no less than thirty days, rather than the proposed sixty days, before he or she is required to pay any penalty imposed.
 

 We decline to adopt the proposed amendments to rules 6.600(b) (Appearance After Notice Sent) and 6.600(c) (Reinstatement of License). The Committee’s proposed amendments provide a defendant an opportunity to request a hearing. Under subdivision (c), the defendant must request a reinstatement hearing within twelve months of the alleged offense. The amendments also require the clerk to set the case for hearing under subdivisions (b) and (c). We conclude that the Committee’s proposed twelve-month period for allowing a defendant to request a reinstatement hearing is excessive. We also believe that the rule should not require the clerk to set the case for hearing as a result of a defendant’s request. It is both practical and desirable for the official to exercise discretion in determining whether a defendant’s request for a hearing has been made within a reasonable period and should be granted.
 

 We also decline to adopt the proposed amendments to rule 6.630 (Civil Traffic Infraction Hearing Officer Program; Traffic Hearing Officers). The Committee proposes amendments to this rule that would give traffic hearing officers the authority to hear noncriminal boating infraction cases and would allow training on boating infractions to be included in the curriculum for traffic hearing officers. According to the Committee, the proposal includes statutory references that would cause uniform boating citations to be treated in the same manner as uniform traffic citations and conforms the rule to the current practice throughout the state. We are concerned that the proposal pertaining to boating infractions may be unnecessarily confusing to attorneys and the general public if the rules addressing both traffic and boating infractions are placed in rule 6.630. The Committee’s proposed amendments also would cause rule 6.630 to exceed the recognized scope of the Rules of Traffic Court. Rule 6.010(a) (Scope; Application) states: “These rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in county courts and before civil infraction hearing officers.” Rule 6.630 is placed under Part IV (Traffic Infractions). Rule 6.010(c) (Scope; Part IV) clarifies as follows: “The rules under Part IV of these rules apply only to traffic infractions adjudicated in a court of the state, whether by a county court judge or civil traffic infraction hearing officer.” We also question whether rules relating to boating infractions should be included in the Rules of Traffic Court. Recently, we pointed out that boating of
 
 *178
 
 fenses are not traffic offenses.
 
 See In re Standard Jury Instructions in Criminal Cases
 
 — Report
 
 No. 2008-08,
 
 6 So.3d 574, 574 (Fla.2009) (renaming chapter 28, Traffic Offenses, of the Standard Jury Instructions “Transportation Offenses”; recognizing that chapter 28 previously was limited to vehicle-related offenses and that proposed new instructions relating to boating under the influence are not traffic offenses or vehicle-related). Therefore, we conclude that a better course to take is to refer the matter to both the Traffic Court Rules Committee and the Civil Procedure Rules Committee to consider whether a general rule pertaining to civil infraction hearing officers to preside over both traffic and boating infraction cases is warranted.
 

 CONCLUSION
 

 Accordingly, we amend the Florida Rules of Traffic Court as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. Other than the repeal of rule 6.115, which is effective immediately, the amendments shall become effective on January 1, 2010, at 12:01 a.m.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 6,115, DUI PROGRAM COOB-
 

 (a)Monthly Assessments. — Each DUI program-approved by-the-DUI-Programs Direc-tor-is-required-to-remit-monthly-the assessments collected- pursuant to -section 25,387-,-Florida Statutes,-to- the- DU-I-Programs Director of the supreme court on a form provided by the supreme court.
 

 (b) -Records- and-Accounts. Each certified DUI program shall cause records and accounts to be kept in accordance with procedures - prescribed- -by- -the — supreme court. — Such-records-and-accounts will be subjeet-to audit by the designated representative of the supreme court,
 

 (c) Collection-of — Trust Fund, Each DUI-program ---shall-collect-the-trust-fund in-aceordance-wifh the plan attached hereto,
 

 (d) Plan for Implementation of DUI Programs — Coordination—Trust—Fund, Pursuant to section 25.387⅛ Florida Statutes, the-supreme- court adopts the following plan for the implementation of the DUI -Programs Coordination -Trust Fund-.-
 

 (1)-All- DUI-programs- in • the State of Florida-shall-nssess-$-lQ-agafnst-every-indi-v-idual-enroll-ing — in-a-BU-I- course at the time ■ of - -the enrollment, -including ■ -those w-ho — transfer to or from a program in another -state..Federal-military employees)-their--dependents,--and--retired-military personnel — who-attend—a--federal—military DUI program shall be subject to the assessment, — I-n-addition, effective-Qetober 1, 1986, second and third offenders evaluated for eligibility for restricted licenses pu-r-suant-to-seGtion-322^74-(-2-)(b-)-, — Florida Statutes^ shall be assessed $10 upon enrollment in the program and upon each subsequent-ann-iversar-y-date-of — suoh^en-rollment-for-the -duration- of- -the-restricted license period. — For-administrative—convenience-,■-the-D-UI-program-may-establish-an-annual-ramittance date for submission of-the-assessment-fee-as-long-as — neither the DUI Trust Fund Commission collections -nor - the client is detrimentally-affected,
 

 (2) In no case shall the assessment be waived.-
 

 (3) -Each.program — shall—-remit—on—a monthly-basis- ■ the-assessment-collected.
 
 *179
 
 The remittance- shall--be -received by-the supreme court-within-3Q-days-following- the last-day-of-the-month-in--which-the-assessment-was-collected- — The-remlttance -shall be in the form of a check or money order payable to the State of Florida-and-be-sent with a form-entitled “DUI Programs Coordination — Trust—F-und-Remittance of.$10 Additional-Assessment.” — This- form shall be subject to the approval of the DUI Program Trust Fund Commission:-
 

 (4) Each DUI progr-am-shall-cause records and accounts to-be-kept-that- show the collection of each assessment-and that will be subject to audit-by-the-supreme court. The records-of-the-assessments shall be in a form specified by the supreme-court. This form shall be subject to the approval of-the DUI Program Trust Fund Commis-
 

 (5) Each program shall be-responsible for all costs,-if any, incurred through com-plianee-with-the requirements of the fund.
 

 (6) — Each DUI program may request an increase in the fee charged -for-enrollment in the DU-I-eour-se to cover the assessment. The DUI Programs-Coordination Office shall-determine whether a -change in the fee-is-appropriate.
 

 ffl-Monies-collected by the-fund shall be used-by the DUI Programs-Coordination Office to pay for staff-salaries, travel, and other expenses-related to the functioning of the office. — The fund also will-be used to pay for programs in which the director’s office engages, including, but not limited to, interstate reciprocity, training, certification, monitoring, and technical assistance- — The-supreme court may assess the ■fund for reasonable-costs for the administration of the-fund.
 

 (8) The DUI Program Trust Fund Commission shall be the administrator of the ■fund-.
 

 Committee Notes
 

 19S8^Amendment, — The offense of driving — while intoxicated was-abolished by statute, — thereby -making references — to DWI schools inappropriate; title of position coordinating such program has simi-iarly-been-changed.
 

 The-forms (Appendixes Ar-and B) have been-removed from the rules-because their possibly frequent need for amendments does-not seem to be of sufficient importance to invoke the-amendatory rule process of the court. — Under- the proposed amendment any changes could be made by the court-appointed-Trust Fand-Commis-
 

 The--function of administering the trust fend-is-also placed with the-Trust Fund Commission.
 

 1990 Amendment. — Present wording of ■this rule has created-considerable accounting - inconvenience -to — Florida’s DUI/Substance Abuse Schools-due to the hundreds of — -varied anniversary-dates-that result frona-the-intake of thousands-of-defendants applying fer-reinstatement of driving privileges under — Florida’s Multiple Offender DUI Rellcensing- Law. The proposed rule would provide-for-a-more convenient and economical-annual remittance date for submission of — assessment fees to the DUI Trust Commission.
 

 RULE 6.291. PROCEDURES ON WITHHELD ADJUDICATION IN DRIVING WHILE LICENSE SUSPENDED; COSTS AND ENLARGEMENT OF TIME TO COMPLY; RECORD OF CONVICTIONS
 

 (a) Costs. When a defendant charged with a criminal offense elects to exercise
 
 *180
 
 the option of receiving a withheld adjudication under section 318.14(10), Florida Statutes, law enforcement education assessments under section 948.25, Florida Statutes, and victims-of-crimes compensation costs and surcharges pursuant tounder sections 960.20 and--960^5938.03 and 938.04, Florida Statutes, shaflmust be assessed, in addition to the court costs assessed by section 318.14(10), Florida Statutes.
 

 (b)-(d) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 6.330. ELECTION TO ATTEND TRAFFIC SCHOOL
 

 (a) Attendance at School. Unless a mandatory hearing is required, or the defendant appears at a hearing before an official, a defendant may elect to attend a driver improvement school pursuant to section 318.14(9), Florida Statutes, within 30 days of receiving a citation or, if a hearing was requested, at any time before trial. Attendance at a driver improvement school shall not operate to waive the law enforcement education assessments under section 943.25, Florida Statutes. Any defendant electing to attend driver improvement school under section 318.14(9), Florida Statutes, will receive a withheld adjudication and not be assessed points.
 

 (b) [No change]
 

 Committee Notes
 

 2009 Amendment. The rule change in subdivision (a) was necessary to create a uniform time period throughout the state by which a clerk must allow a defendant to elect to attend a driver improvement school.
 

 RULE 6.445. DISCOVERY: INFRACTIONS ONLY
 

 If an electronic or mechanical speed measuring device is used by the citing officer, the type of device and the manufacturer’s serial number must be included in the body of the citation. If any relevant supporting documentation regarding the electronic or mechanical speed measuring-such-device-ased-b-y-the-eiting-offieei — ⅛-⅛ saidthe officer’s possession at the time of trial, the defendant or defendant’s attorney shall be entitled to review saidthat documentation immediately before that trial.
 

 Committee Notes
 

 2009 Amendment. This amendment is based on the fact that currently to the committee’s knowledge there are 5 different measuring devices or types: Radar, Laser, Pace Car, Vascar, and airplane with stopwatch. It is believed that identifying the type of measuring device is not unduly burdensome to the state and it is necessary in the preparation of a defense. Withholding this information until the time of trial unduly prejudices the defense. This amendment is also forward-looking in that as new measuring devices appear, they can be effectively used as long as they are disclosed.
 

 RULE 6.480. DEFERRED PAYMENT OF PENALTY IMPOSED
 

 (a) Procedure. On motion of the defendant or on the official’s own motion, an official maymust allow a reasonable amount of time, no less than 30 days, before requiring the payment of any penalty imposed. If payment is not made after such extension or further extensions, such action will be considered a failure to comply for purposes of section 318.15, Florida Statutes.
 

 (b) [No change]
 

 
 *181
 
 Committee Notes
 

 2009 Amendment. Too often, defendants, represented by counsel and exercising use of Traffic Court Rule 6.340 (Waiver of Appearance), will resolve a case and be forced to make payment immediately, within 5 or 10 days. This type of sanction does not allow for the defendant to be notified by counsel in a reasonable amount of time. The amendment relieves the defendant from this undue hardship.
 

 [1]
 

 . The rule defines “official” as “any state judge or traffic hearing officer authorized by law to preside over a court or at a hearing adjudicating traffic infractions.” Fla. R. Traf. Ct. 6.040(f).